IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

SHERRY BLACKBURN *et al.*,
    Plaintiff,

v.                                                                             Civil No. 3:22cv146 (DJN)

A.C. ISRAEL ENTERPRISES *et al.*,
    Defendants.

## ORDER
### (Granting Preliminary Approval of Class Action Settlement)

Plaintiffs Sherry Blackburn, Willie Rose, Elwood Bumbray, George Hengle, Regina Nolte, Jo Ann Falash, John Tucker and Emily Murphy (collectively, "Plaintiffs") have moved the Court for preliminary approval of a proposed class action settlement with Defendants A.C. Israel Enterprises, Inc. d/b/a Ingleside Investors, Richard Investors, LLC, and Greg Warner; Ferrell Capital, Inc. and Seville LTD; Monu Joseph, Joseph Investment, LLC, Joseph NPA Investment, LLC, and E Opportunities, LLC; Skye, LLC; Cabbage City, LLC; Benjamin Gravley, Signal Light, LLC, and Hvmken, LP; George Kellner and Kellner Capital, LLC; and Amit Raizada, Spectrum Business Ventures, Inc., and Raizada Group, LLLP (collectively, "Defendants," and together with Plaintiffs, the "Parties"). The terms and conditions of the proposed settlement are set forth in the Stipulation and Agreement of Settlement filed with the Court on October 23, 2023 ("Settlement Agreement") as an exhibit to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion"). (ECF Nos. 212 and 212-1.)

Upon review and consideration of Plaintiffs' Preliminary Approval Motion, the Settlement Agreement, and the exhibits attached to the foregoing, it is hereby ORDERED as follows:

1. This Preliminary Approval Order incorporates the Settlement Agreement, and the capitalized terms used herein, unless stated otherwise, shall have the meanings and/or definitions given to them in the Settlement Agreement, as if fully set forth in this Order.

2. The Settlement, on the terms and conditions stated in the Settlement Agreement, is preliminarily approved by this Court as being fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and the continuation of the litigation, and the fact that Defendants deny liability and have indicated their intent to vigorously defend the litigation. The Court further finds that the settlement between the Parties was arrived at through arm's-length negotiations and exchange of information by experienced counsel.

**CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

3. For purposes of the Settlement, and conditioned upon the Settlement receiving final approval following the Final Fairness Hearing, this Court hereby conditionally certifies a Class for settlement purposes only (the "Settlement Class"), defined as follows and subject to the stated exclusions below:

> All consumers residing within the United States who executed a loan agreement with any of (1) Golden Valley Lending, Inc.; (2) Silver Cloud Financial, Inc.; (3) Majestic Lake Financial, Inc.; or (4) prior to February 1, 2021, Mountain Summit Financial, Inc.

4.     The Court preliminarily finds that, for settlement purposes and conditioned upon the entry of the Final Approval Order and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied.  The Court finds, in the specific context of this Settlement, that the following requirements are met: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiffs have experienced counsel to represent them; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23 and is superior to alternative means of resolving the claims and disputes at issue in this Action.  The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action in this case.

5.     The Court finds that the Settlement falls within the range of reasonableness because it provides for meaningful remediation relative to the merits of Plaintiffs' claims and Defendants' defenses.

6.     If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, then the Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all

parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

7. For purposes of Settlement only, the Court finds and determines that Plaintiffs will fairly and adequately represent the interests of the Settlement Class in enforcing the rights of the Settlement Class in this Action, and thus hereby appoints Sherry Blackburn, Willie Rose, Elwood Bumbray, George Hengle, Regina Nolte, Jo Ann Falash, John Tucker and Emily Murphy as representatives of the conditionally certified Settlement Class ("Class Representatives").

8. For purposes of the Settlement only, the Court appoints as Class Counsel the law firms of Kelly Guzzo PLC and Consumer Litigation Associates, P.C. For purposes of these settlement approval proceedings, the Court finds that these law firms are competent and capable of exercising their responsibilities as Class Counsel and have fairly and adequately represented the interests of the Settlement Class for settlement purposes.

## CLASS NOTICE AND SETTLEMENT ADMINISTRATION

9. As the Settlement Agreement is within the range of reasonableness and possible final approval, notice shall be provided to the Settlement Class under the Settlement Agreement. The Court approves, as to form and content, the Class Notice submitted with Plaintiffs' Preliminary Approval Motion, attached as Exhibit 1 to the Settlement Agreement.

10. The Court appoints American Legal Claims Services, LLC, as the Settlement Administrator. The Settlement Administrator shall abide by the terms and conditions of the Settlement Agreement that pertain to the Settlement Administrator. As further set forth in the Settlement Agreement, the Settlement Administrator shall be responsible for, without limitation: (a) disseminating Notice to the Settlement Class; (b) handling returned e-mail notice and mail delivered to members of the Settlement Class; (c) receiving and maintaining requests for exclusion from the Settlement Class; (d) fielding inquiries about the Settlement Agreement; (e) establishing

4

a Settlement Website with relevant case documents to which members of the Settlement Class may refer for information about the Settlement; (f) establishing a toll-free telephone line to receive calls from Settlement Class Members; (g) assisting Defendants with providing the notices required by the Class Action Fairness Act; and (h) carrying out such other responsibilities as are provided for in the Settlement Agreement or agreed to by the Parties.

11. The Court directs the Settlement Administrator, in accordance with the Settlement Agreement, to cause a copy of the Class Notice to be sent in substantially the same form attached to Plaintiffs' Preliminary Approval Motion to the Settlement Class by a combination of e-mail notice to verified e-mail addresses and/or by U.S. mail, postage prepaid, to each Settlement Class Member identified on the Class List. The Settlement Administrator shall use best practices to ensure that notice is received by Class Members and will act in accordance with the process stated within the Settlement Agreement.

12. The Court further directs the Settlement Administrator to maintain and update the Settlement Website and secure a toll-free telephone number as set forth in the Settlement Agreement, which shall be updated within ten (10) days after the Court enters this Preliminary Approval Order.

13. No later than thirty (30) days before the Final Fairness Hearing, the Settlement Administrator will file a declaration with the Court verifying that notice has been provided to the Settlement Class in accordance with the Settlement Agreement and this Order.

14. The Court finds that the Class Notice accompanying Plaintiffs' Motion for Preliminary Approval, specifically, and more generally, the Notice Program described above and set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the language of the proposed Class Notice is plain and easy to understand and

provides neutral and objective information about the nature of the Settlement. Furthermore, the Court finds that the notice program complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the settlement of the pendency of this Action and their right to participate in, object to, or exclude themselves from the Settlement. The Court also finds that the Notice Program complies with Rule 23(c) as it provides for individual notice to all Settlement Class Members and is thus the best notice practicable under the circumstances. In addition, Settlement Class Members will have access to the Settlement Website and a toll-free telephone line for purposes of obtaining additional information about the Settlement.

15. Class Notice and Settlement administration costs as set forth in the Settlement Agreement shall be paid from the Settlement Fund.

## REQUESTS FOR EXCLUSION

16. Settlement Class Members may elect to exclude themselves or "opt out" from the Settlement Agreement by following the procedures set forth in the Settlement Agreement for doing so. In the event a Settlement Class Member wishes to be excluded from the Settlement and not to be bound by the Settlement Agreement, that person must, prior to the Opt-Out Deadline, advise the Class Administrator in writing of that intent. In the written request for exclusion, the Settlement Class Member must state the name of this Action and his or her full name, address, telephone number, and the last four digits of his or her social security number, or his or her account number with Golden Valley, Silver Cloud, Majestic Lake, or Mountain Summit. Further, the Settlement Class Member must include a statement in the written request stating, "I request to be excluded from the class settlement in this case," or terms of equal effect. The request must also be signed by the Settlement Class Member.

17. Any request for exclusion or to opt out must be in writing and mailed to the Administrator, postmarked no later than **January 22, 2024** (the "Opt-Out Deadline"). The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. The Court retains jurisdiction to resolve any disputed exclusion requests.

18. A Settlement Class Member who opts out of the Settlement may opt back in so long as the opt-in request is received prior to the Opt-Out Deadline.

19. No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate.

20. Any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member, shall not be bound by the terms of the Settlement Agreement, and shall relinquish their rights to benefits with respect to the Settlement Agreement, should it be finally approved, and may not file an objection to the Settlement Agreement or to any application for reimbursement of attorneys' fees and costs or Service Awards or otherwise intervene in the Consolidated Actions.

21. Any Settlement Class Member who does not submit a valid and timely request for exclusion shall be bound by all the terms and provisions of the Settlement Agreement, including any Release set forth therein, the Final Approval Order, and the Final Judgment, whether or not such Settlement Class Member objected to the settlement.

22. The Settlement Administrator shall provide copies of any requests for exclusion to the Parties as provided in the Settlement Agreement.

## OBJECTIONS

23.     Any Settlement Class Member who does not opt out of the Settlement and intends to object to any aspect of the proposed Settlement, request for reimbursement of attorneys' fees and costs, or Service Awards, must file a written objection signed by the Settlement Class Member with the Court no later than **January 22, 2024** (the "Objection Deadline"). For an objection to be considered by the Court, the objection must also set forth and include the following:

   a. the name of this Action;
   b. the Objector's name, address, and telephone number;
   c. a statement confirming that the Objector qualifies as a Settlement Class Member;
   d. the reasons for his or her objection, accompanied by any legal or factual support for the objection;
   e. the name of counsel for the Objector (if any);
   f. information about other objections the Objector or his or her counsel have made in other class action cases; and
   g. whether he or she intends to appear at the Final Fairness Hearing on his or her own behalf or through counsel.

24.     A Settlement Class Member may not both opt out of the Settlement and object. If a Settlement Class Member submits both a request for exclusion and objection, the request for exclusion will control.

25.     No member of the Settlement Class or counsel retained by such a member of the Settlement Class shall be entitled to be heard at the Final Fairness Hearing unless the Objector or his or her attorneys who intend to make an appearance at the Final Fairness Hearing state their intention to appear in the objection filed with the Court in accordance with the preceding paragraphs. Counsel for any such member of the Settlement Class must enter his or her appearance with the Court by the Objection Deadline.

26.     Any Settlement Class Member who fails to file and serve a valid and timely written objection in the manner specified above shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the

8

Settlement, including but not limited to the benefits to Settlement Class Members, the Service Awards, or the Final Judgment.

## FINAL FAIRNESS HEARING

27.     A Final Fairness Hearing shall be held on **March 6, 2024** at **11:00 a.m.** before this Court in Courtroom 6300 of the Robinson-Merhige Federal Courthouse, 701 East Broad Street, Richmond, VA 23219.  At the Final Fairness Hearing, the Court will: (1) determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate; (2) determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement; (3) rule on any objections to the Settlement Agreement; (4) rule on the validity of any opt-out requests; (5) determine whether Class Counsel's requested attorneys' fees and the requested Service Awards to the Class Representatives should be approved; and (6) rule on such matters as the Court may deem appropriate.  The date of the Final Fairness Hearing may be continued by the Court from time to time without further notice to the Settlement Class.

28.     Any Settlement Class Member may enter an appearance in this Action at his or her own expense, individually or through counsel.  However, if a Settlement Class Member wishes to object to the Settlement at the Final Fairness Hearing (either personally or through counsel), the Settlement Class Member must submit a written objection as set forth in the Settlement Agreement and this Order.  All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

29.     The motion for final approval of the Settlement Agreement and any papers the Parties wish to submit in support of final approval of the Settlement Agreement, shall be filed with the Court no later than thirty (30) calendar days prior to the Final Fairness Hearing.  Any

response to any Objection to the Settlement Agreement shall be filed with the Court no later than fourteen (14) calendar days prior to the Final Fairness Hearing.

## STAY OF LITIGATION

30. Pending the Final Fairness Hearing, all proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Preliminary Approval Order.

## OTHER PROVISIONS

31. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

32. Any deadlines set in this Preliminary Approval Order may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class, except that notice of any such extensions shall be posted to the Settlement Website. Members of the Settlement Class should check the Settlement Website regularly for updates, changes, and/or further details regarding extensions of these deadlines.

33. The Parties are directed to carry out their obligations under the Settlement Agreement, and are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement or to the form or content of the Class Notice that the Parties

jointly agree are reasonable or necessary, and which do not limit the rights of Settlement Class Members under the Settlement Agreement.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

                                              /s/
                                  Hon. David J. Novak
                                  United States District Judge

Richmond, Virginia
Dated: November 1, 2023