IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

SHERRY BLACKBURN *et al.*,
  Plaintiff,

v.                 Civil No. 3:22cv146 (DJN)

A.C. ISRAEL ENTERPRISES *et al.*,
  Defendants.

## ORDER
### (Granting Final Approval of Class Action Settlement)

This matter comes before the Court on the Motion for Final Approval of the Settlement and Final Certification of the Settlement Class ("Final Approval Motion," ECF No. 221) filed by Plaintiffs Sherry Blackburn, Willie Rose, Elwood Bumbray, George Hengle, Regina Nolte, Jo Ann Falash, John Tucker, and Emily Murphy (collectively, "Plaintiffs"), on behalf of themselves and the preliminarily certified Settlement Class.

The Court has reviewed the papers filed in support of the Final Approval Motion, the Settlement Agreement filed with Plaintiff's Preliminary Approval Motion, the memoranda and arguments submitted on behalf of the Settlement Class, and all supporting exhibits and declarations thereto, as well as the Court's Preliminary Approval Order. The Court held a Final Fairness Hearing on March 6, 2024, at which time the Parties and other interested persons were given an opportunity to be heard in support of and in opposition to the proposed settlement. Based on the papers filed with the Court and the presentations made at the Final Fairness Hearing, the Court finds that the Settlement Agreement is fair, reasonable and adequate.

Accordingly, the Court hereby ORDERS, ADJUDGES and DECREES as follows:

1. This Final Approval Order incorporates herein and makes a part hereof the Settlement Agreement and the Preliminary Approval Order. Unless otherwise provided herein, the capitalized terms used herein shall have the same meanings and/or definitions given to them in the Preliminary Approval Order and the Settlement Agreement.

2. This Court has jurisdiction over matters relating to the Settlement, including, without limitation, the administration, interpretation, effectuation and enforcement of the Settlement, the Settlement Agreement and this Final Order and Judgment.

### CERTIFICATION OF THE SETTLEMENT CLASS AND APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES

3. In the Preliminary Approval Order, this Court previously certified, for settlement purposes only, a Settlement Class defined as follows:

> All consumers residing within the United States who executed loan agreements with Golden Valley Lending, Inc., Silver Cloud Financial, Inc., and Majestic Lake Financial, Inc., or prior to February 1, 2021, with Mountain Summit Financial, Inc.

4. Certification of the Settlement Class is hereby reaffirmed as the final Settlement Class pursuant to Federal Rule of Civil Procedure 23. For the reasons set forth in the Preliminary Approval Order, the Court finds, on the record before it, that the Action, for purposes of this Settlement, may be maintained as a class action of the Settlement Class.

5. In the Preliminary Approval Order, this Court previously appointed the above-identified Plaintiffs Sherry Blackburn, Willie Rose, Elwood Bumbray, George Hengle, Regina Nolte, Jo Ann Falash, John Tucker and Emily Murphy as Class Representatives and hereby reaffirms that appointment, finding, on the record before it, that the Class Representatives have and continue to adequately represent the Settlement Class.

6. In the Preliminary Approval Order, this Court previously appointed the law firms of Kelly Guzzo PLC and Consumer Litigation Associates, P.C., as Class Counsel for settlement purposes only and hereby reaffirms that appointment, finding on the record before it that Class Counsel have and continue to adequately and fairly represent the Settlement Class.

## CLASS NOTICE

7. The record shows, and the Court finds, that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Notice constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Action and the terms of the Settlement Agreement, their rights to exclude themselves from the Settlement or to object to any part of the Settlement, their rights to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Order and Final Judgment, whether favorable or unfavorable, on all persons who do not exclude themselves from the Settlement Class; (iii) due, adequate, and sufficient notice to all persons or entities entitled to received notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Federal Rules of Civil Procedure 23(c)(2(B) and 23(e)(1), and any other applicable law.

8. Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to the Settlement Class Members to participate in the Final Fairness Hearing, it is hereby determined that all Settlement Class Members except those who timely opted out, as identified in Exhibit A to this Final Approval Order, are bound by this Order and the Final Judgment. No Settlement Class Members, other than those listed in

Exhibit A, are excluded from the Settlement Class, from the terms of the Settlement Agreement, or from the effect of this Final Approval Order and Final Judgment.

## FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

9. Pursuant to Rule 23(e), the Court hereby finally approves in all respects the Settlement as set forth in the Settlement agreement and finds that the Settlement, the Settlement Agreement, the benefits to the Settlement Class Members, and all other parts of the Settlement are, in all respects, fair, reasonable and adequate and in the best interest of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and any defenses of the Defendants, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement, with each Settlement Class Member bound by the Settlement Agreement, including any releases therein.

10. Specifically, the Court finds that the Settlement is fair, reasonable and adequate given the following factors, among others:

    a. This Action was complex and time consuming and would have continued to be so through summary judgment and/or trial if it had not settled;

    b. Defendants have denied liability and have indicated their intent to continue to defend the litigation vigorously had it not settled;

    c. Class Counsel had a well-informed appreciation of the strengths and weaknesses of the Action while negotiating the Settlement;

  d. The monetary and injunctive relief provided for by the Settlement is well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the case had continued to verdicts as to jurisdiction, liability and damages;

  e. The Settlement was the result of arm's-length good faith negotiations and exchange of information by experienced counsel; and,

  f. The reaction of the Class to the Settlement has been positive, with only fifteen (15) potential class members timely requesting to opt out and no objections to the Settlement.

11. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

**MONETARY CONSIDERATION AND INJUNCTIVE RELIEF**

12. The Court approves the Parties' plan to distribute the Cash Awards provided for by the Settlement Agreement to the Settlement Class Members as set forth in the Settlement Agreement.

13. The Court also approves the agreements reached with respect to injunctive relief, as set forth in the Settlement Agreement, including that: (1) Defendants shall not provide any capital, services, or assistance to the Tribal Corporations, as well as well as their successors in interest, for a period of three (3) years following the date of the full execution of the Settlement Agreement; and (2) Defendants will not assist in the collection of any loans issued by the Tribal Corporations or their respective successors in interest, including any attempted collections by third parties, following the date of the full execution of the Settlement Agreement.

14. The relief provided by the Settlement is significant. All Settlement Class Members who have made qualifying payments on the loans in question will receive cash

payments. These cash payments will be in addition to the cash payments and other monetary and non-monetary benefits, including across-the-board loan cancellations, already secured from settlement of a related nationwide action in the matter of *Hengle v. Asner*, Civil Action No. 3:19-cv-250-DJN, which the Court approved last year. Defendants have also agreed not to participate in the collection of any loans issued by the Tribal Corporations or their successors, and to halt their financial and in-kind support of any additional loans issued by the Tribal Corporations. These additional benefits to Class Members have significant value. Further, Class members will receive these benefits without having to prove any harm or take any affirmative actions. In other words, Class Members will not be required to submit any forms or claims for payment.

## DISMISSAL OF CLAIMS AND RELEASES

15. This Action and all Released Claims of Settlement Class Members are hereby DISMISSED WITH PREJUDICE and, except as otherwise provided herein or in the Settlement Agreement, without costs to any Party.

16. Pursuant to the Settlement Agreement, as of the Effective Date of this Settlement, the following releases shall be effective:

   a. <u>A.C. Israel Released Parties</u>. Each Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, shall have fully, finally and forever released and discharged the A.C. Israel Released Parties from any and all rights, duties, obligations, demands, actions, causes of action, liabilities, claims, grievances, suits, losses, damages, costs, fees, expenses and controversies, whether arising under local, state, tribal, foreign, territorial or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws) or equity, whether by constitution, statute, rule,

regulation, any regulatory promulgation, contract, tort, common law, or any other theory of action, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, matured or un-matured, contingent or fixed, accrued or unaccrued, punitive or compensatory, choate or inchoate, liquidated or unliquidated, based on any fact known or unknown, including without limitation those that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the Action, as well as including any claims known or unknown that each Settlement Class Member has or ever had against the A.C. Israel Released Parties.

        b.      <u>Cabbage City Released Parties</u>.  Each Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, shall have fully, finally and forever released and discharged the Cabbage City Released Parties from any and all rights, duties, obligations, demands, actions, causes of action, liabilities, claims, grievances, suits, losses, damages, costs, fees, expenses and controversies, whether arising under local, state, tribal, foreign, territorial or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws) or equity, whether by constitution, statute, rule, regulation, any regulatory promulgation, contract, tort, common law, or any other theory of action, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, matured or un-matured, contingent or fixed, accrued or unaccrued, punitive or compensatory, choate or inchoate, liquidated or unliquidated, based on any fact known or unknown, including without limitation those that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or

occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the Action, as well as including any claims known or unknown that each Settlement Class Member has or ever had against the Cabbage City Released Parties.

        c.    <u>Gravley Released Parties</u>. Each Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, shall have fully, finally and forever released and discharged the Gravley Released Parties from any and all rights, duties, obligations, demands, actions, causes of action, liabilities, claims, grievances, suits, losses, damages, costs, fees, expenses and controversies, whether arising under local, state, tribal, foreign, territorial or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws) or equity, whether by constitution, statute, rule, regulation, any regulatory promulgation, contract, tort, common law, or any other theory of action, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, matured or un-matured, contingent or fixed, accrued or unaccrued, punitive or compensatory, choate or inchoate, liquidated or unliquidated, based on any fact known or unknown, including without limitation those that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the Action, as well as including any claims known or unknown that each Settlement Class Member has or ever had against the Gravley Released Parties.

        d.    <u>Joseph Released Parties</u>. Each Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, shall have fully,

finally and forever released and discharged the Joseph Released Parties from any and all rights, duties, obligations, demands, actions, causes of action, liabilities, claims, grievances, suits, losses, damages, costs, fees, expenses and controversies, whether arising under local, state, tribal, foreign, territorial or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws) or equity, whether by constitution, statute, rule, regulation, any regulatory promulgation, contract, tort, common law, or any other theory of action, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, matured or un-matured, contingent or fixed, accrued or unaccrued, punitive or compensatory, choate or inchoate, liquidated or unliquidated, based on any fact known or unknown, including without limitation those that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the Action, as well as including any claims known or unknown that each Settlement Class Member has or ever had against the Joseph Released Parties.

    e. <u>Kellner Released Parties</u>.  Each Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, shall have fully, finally and forever released and discharged the Kellner Released Parties from any and all rights, duties, obligations, demands, actions, causes of action, liabilities, claims, grievances, suits, losses, damages, costs, fees, expenses and controversies, whether arising under local, state, tribal, foreign, territorial or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws) or equity, whether by constitution, statute, rule, regulation, any regulatory promulgation, contract, tort, common law, or any other theory of action,

whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, matured or un-matured, contingent or fixed, accrued or unaccrued, punitive or compensatory, choate or inchoate, liquidated or unliquidated, based on any fact known or unknown, including without limitation those that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the Action, as well as including any claims known or unknown that each Settlement Class Member has or ever had against the Kellner Released Parties.

      f.    <u>Raizada Released Parties</u>.  Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, shall have fully, finally and forever released and discharged the Raizada Released Parties from any and all rights, duties, obligations, demands, actions, causes of action, liabilities, claims, grievances, suits, losses, damages, costs, fees, expenses and controversies, whether arising under local, state, tribal, foreign, territorial or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws) or equity, whether by constitution, statute, rule, regulation, any regulatory promulgation, contract, tort, common law, or any other theory of action, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, matured or un-matured, contingent or fixed, accrued or unaccrued, punitive or compensatory, choate or inchoate, liquidated or unliquidated, based on any fact known or unknown, including without limitation those that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the

Action, as well as including any claims known or unknown that each Settlement Class Member has or ever had against the Raizada Released Parties.

  g. <u>Seville Released Parties</u>. Each Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, shall have fully, finally and forever released and discharged the Seville Released Parties from any and all rights, duties, obligations, demands, actions, causes of action, liabilities, claims, grievances, suits, losses, damages, costs, fees, expenses and controversies, whether arising under local, state, tribal, foreign, territorial or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws) or equity, whether by constitution, statute, rule, regulation, any regulatory promulgation, contract, tort, common law, or any other theory of action, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, matured or un-matured, contingent or fixed, accrued or unaccrued, punitive or compensatory, choate or inchoate, liquidated or unliquidated, based on any fact known or unknown, including without limitation those that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the Action, as well as including any claims known or unknown that each Settlement Class Member has or ever had against the Seville Released Parties.

  h. <u>Skye Released Parties</u>. Each Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, shall have fully, finally and forever released and discharged the Skye Released Parties from any and all rights,

duties, obligations, demands, actions, causes of action, liabilities, claims, grievances, suits, losses, damages, costs, fees, expenses and controversies, whether arising under local, state, tribal, foreign, territorial or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws) or equity, whether by constitution, statute, rule, regulation, any regulatory promulgation, contract, tort, common law, or any other theory of action, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, matured or un-matured, contingent or fixed, accrued or unaccrued, punitive or compensatory, choate or inchoate, liquidated or unliquidated, based on any fact known or unknown, including without limitation those that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the Action, as well as including any claims known or unknown that each Settlement Class Member has or ever had against the Skye Released Parties.

## AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

17. At the conclusion of a successful class action, class counsel may apply to a court for an award of attorneys' fees. *See* Fed. R. Civ. P. 23(h). Pursuant to the Settlement Agreement, Class Counsel may request reasonable attorneys' fees and reimbursement of costs to be paid from the Fund, provided that the total amount requested does not exceed one third of the Fund provided to Settlement Class Members.

18. Because this is a common fund case, it is appropriate to employ a percentage of the fund method for calculating a proper fee award. When a representative party confers a substantial benefit upon a class, counsel is entitled to attorneys' fees based on the benefit obtained. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *see also, e.g., Milbourne v. JRK*

*Residential America, LLC*, No. 3:12-cv-861-REP, ECF No. 324 (ED. Va. Jan. 4, 2017); *Mayfield v. Memberstrust Credit Union*, No. 3:07-cv-506-REP, ECF No. 22 (E.D. Va. Nov. 7, 2008); *Conley v. First Tennessee*, No. 1:10-cv-1247-JFA, ECF No. 37 (E.D. Va. Aug. 18, 2011); *Lengrand v. Wellpoint*, No. 3:11-cv-333-HEH, ECF No. 42 (E.D. Va. Nov. 13, 2012).

19. No class member or Government entity has objected to Class Counsel's request.

20. The Court, having reviewed the declarations, exhibits and points and authorities submitted in support of and opposition to Class Counsel's request for attorneys' fees and reimbursement of costs, approves the award of attorneys' fees and costs to Class Counsel in the amount of $8,511,967 ("Fee and Expense Award"). The Court finds that the Fee and Expense Award is reasonable and appropriate under all the circumstances presented.

21. The Settlement Agreement also provides that Plaintiffs may request a Service Award to be paid from the Fund, provided such awards do not exceed $15,000 for each Class Representative, for a total of $120,000.

22. Courts routinely grant service awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation. *See, e.g., Manuel v. Wells Fargo Bank*, No. 3:14-cv-238-DJN, 2016 WL 1070819, at *6 (E.D. Va. Mar. 15, 2016) (explaining that service awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general"). Here, the Court finds that the requested Service Awards are reasonable and within the range of awards granted by courts in this and other circuits. *See, e.g., id.* (approving $10,000 award); *Lemus v. H & R Block Enters. LLC*, No. 09-cv-3179, 2012 WL 3638550, at *5-6 (N.D. Cal. Aug. 22, 2012) (approving $15,000 service awards). Moreover,

these Service Awards are justified by the time and effort expended by the Class Representatives on behalf of the Settlement Class Members and the risk each assumed in bringing this action. Accordingly, the Court finds that each of the Class Representatives shall be awarded $15,000 for their efforts, to be paid from the Fund.

23. The Court further notes that the percentage of requested attorneys' fees and reimbursement of costs and the dollar amount of the Service Awards was included in the notice materials disseminated to the Settlement Class.

24. The award of attorneys' fees and costs and Service Awards shall be paid by the Defendants from the Fund, as set forth in the Settlement Agreement.

25. The Parties' distribution plan of payments to the Class Members in *pro rata* allocations of the Settlement Fund, following the above deductions, is approved for implementation. Should funds remain after all distributions are made and the check negotiation period provided for in the Settlement Agreement has passed, the Parties' chosen *cy pres*, Feed More, a nonprofit organization, is approved for receiving such balance.

## OTHER PROVISIONS

26. The Court has jurisdiction to enter this Final Order and Final Judgment. Without in any way affecting the finality of this Final Order or the Final Judgment, and by consent of the Parties, the Court expressly retains exclusive and continuing jurisdiction over the Settlement and the Settlement Agreement, including all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement or the Final Order and Judgment, including without limitation, for the purpose of:

    a. Enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise

out of the Settlement Agreement, the Final Order, or the Final Judgment (including whether a person or entity is or is not a Settlement Class Member);

        b.    Entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement; and,

        c.    Entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Final Order, or the Final Judgment.

    27.    Without affecting the finality of this Order or the Final Judgment, the Defendants, each Settlement Class Member and the Administrator hereby irrevocably submit to the exclusive jurisdiction of the Court for the limited purpose of any suit, action, proceeding, or dispute arising out of the Settlement Agreement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein.

    28.    The Parties are hereby directed to carry out their obligations under the Settlement Agreement.

    29.    Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Order and the Final Judgment that do not limit the rights of the Settlement Class Members under the Settlement Agreement.

    30.    In the event that the Settlement becomes null and void, certification of the Settlement Class shall be automatically vacated and this Final Approval Order and Final

Judgment, as well as all other orders entered and releases delivered in connection with the Settlement Agreement, shall be vacated and shall become null and void, shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed.

31. This Final Approval Order and Final Judgment is final for purposes of appeal and may be appealed immediately, and the Clerk is hereby directed to enter judgment thereon.

This case is now CLOSED.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
Hon. David J. Novak
United States District Judge

Richmond, Virginia
Dated:  March 7, 2024